# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KWAME D. BINTA,

                     Petitioner,                      Case Number: 06-CV-13486

v.                                         PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

BUREAU OF PRISONS,

                     Respondent.

                                                           /

## OPINION AND ORDER GRANTING RESPONDENT'S
## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

       Petitioner Kwame D. Binta filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  At the time he filed the petition, Petitioner was incarcerated at the Federal

Correctional Institution in Milan, Michigan.  Petitioner challenged the Federal Bureau of

Prisons' (BOP) regulations and policies which limit the placement of federal prisoners in

community corrections centers (CCCs), also known as residential reentry centers (RRCs).

Petitioner argued that he should be permitted to serve the last ten percent of his 81-month

sentence in a CCC, but that the BOP intended to permit him to serve only two months in a CCC.

Respondent has filed a motion to dismiss on the ground that the petition is moot.

       The record shows that on August 29, 2006, Petitioner was released to a RRC.

Respondent argues that, because Petitioner has been awarded the relief he sought from this

Court, the petition is moot.  Petitioner has not filed a response to the motion.

       Article III, § 2, of the Constitution requires the existence of a case or controversy through

all stages of federal judicial proceedings.  This case or controversy requirement means that,

throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The only relief Petitioner seeks in his habeas petition is an order from this Court requiring the BOP to transfer him to a CCC close to him home in Virginia. According to the unopposed declaration of Amy J. Standefer, Senior Attorney for the United Stats Department of Justice, Federal Bureau of Prisons, Petitioner was released to a RCC in Newport News, Virginia on August 29, 2006. *See* Declaration of Amy J. Standefer, Senior Attorney for the BOP, at ¶ 2, attached as exhibit 1 to Respondent's Brief. Because Petitioner has been afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision. *Accord* Elwood v. Sanders, 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (unpublished) (holding that petitioner's release pending appeal rendered moot challenge to BOP's policy preventing his transfer to CCC); Chhibba v. Fed. Bureau of Prisons, 154 Fed. Appx. 279 (3d Cir. Oct. 19, 2005) (unpublished) (same); Vega-Rosado v. Ledezma, No. 06-1269, 2006 WL 2927322 (D. Puerto Rico Oct 11, 2006) (same) (unpublished). The matter shall, therefore, be dismissed as moot.

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2006

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 20, 2006.

s/Denise Goodine                                    
Case Manager